IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER MICHAEL PEARSON,** § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | Civil Action No. 4:05-CV-0124-Y |
| § | | |
| **COLE JETER, WARDEN,** § | | |
| Federal Medical Center-Fort Worth, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Christopher Michael Pearson, Reg. No. 24340-077, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth).

Respondent Cole Jeter is Warden of FMC-Fort Worth.

### C. PROCEDURAL HISTORY

On June 17, 1993, in Case No. 3:93-CR-189-ALL, Pearson pled guilty to two counts of bank robbery and one count of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 2113(a) and

(d) and 924(c)(1). *See* PACER, U.S. Party/Case Index, Criminal Docket for Case #3:9396-CR-189-ALL, entry for June 17, 1993. On August 12, 1993, he was sentenced to a term of 300 months' incarceration. *See id.*, entry for August 12, 1993. Pearson appealed the trial court's judgment, but the Fifth Circuit affirmed on November 17, 1994. *See id.*, entry for November 17, 1994. Thereafter, Pearson sought postconviction relief via a § 2255 motion to vacate, a motion to reduce sentence, and a previous § 2241, construed as a successive § 2255, to no avail. *See id.*, entries for April 30, 1997, July 17, 1998, April 12, 2002 & November 22, 2002; PACER, U.S. Party/Case Index, Criminal Docket for Case #3:97-CV-770, entry for April 30, 1997; PACER, U.S. Party/Case Index, Criminal Docket for Case #3:-01-CV-2526, entry for February 15, 2002. On February 9, 2005, Pearson filed this federal petition.

D. DISCUSSION

By the instant habeas corpus action, Pearson contends his 300-month sentence is unconstitutional in light of the Supreme Court's recent decision in *United States v. Booker*, in which the Court held 18 U.S.C. § 3553(b) (making the federal Sentencing Guidelines mandatory) unconstitutional. In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S.Ct. 2531 (2004): pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id.* at 756-57. According to Pearson, his sentence was unconstitutionally enhanced pursuant to § 3553(b) based on judge-found facts instead of facts agreed

2

upon by the parties in the plea agreement or found by a jury beyond a reasonable doubt. (Petition at 4-5; Pet'r Reply at 3-4.)

The threshold question is whether his claim is properly raised in a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.

To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. A § 2241 petition is not a substitute for a motion under § 2255, and the petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). A prior unsuccessful § 2255 motion, or the inability to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Pearson neither alleges nor demonstrates that the § 2255's remedy is inadequate or

ineffective. Pearson argues that he is entitled to seek § 2241 merely because the Supreme Court has ruled § 3553(b)(1) unconstitutional, and, according to Pearson, retroactivity is automatically applicable under these circumstances. (Pet'r Reply at 7.) The undersigned finds no support for Pearson's assertion. To the contrary, new constitutional rules of criminal procedure generally do not apply retroactively to cases that have already become final on direct review. *See Schriro v. Summerlin*, 124 S. Ct. 2519, 2523-26 (2004); *Teague v. Lane*, 489 U.S. 288, 310 (1989). Further, although the Supreme Court has not expressly declared its ruling in *Booker* to be retroactive to cases on collateral review, the Fifth Circuit has addressed the issue and held that it is not.[1,2] *See In re Elwood*, ___ F.3d ___, 2005 WL 976998, at *2-3 (5th Cir. Apr. 28, 2005). Bound by the law of our circuit, Pearson cannot meet the retroactivity requirement. As such, Pearson is precluded from challenging the legality of his sentence under § 2241. Thus, the court is without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. ), *cert. denied*, 540 U.S. 1085 (2003).

---

[1]*See Booker*, 125 S. Ct. at 769 (Op. by Breyer, J.) (expressly extending holding "to all cases on direct review"). *See also Schriro v. Summerlin*, 124 S. Ct. 2519, 2526 (2004) (holding *Ring v. Arizona*, 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review).

[2]Other circuit courts to consider the issue have also concluded that *Booker* does not apply retroactively on collateral review. *See Guzman v. United States*, 404 F.3d 139, 141-44 (2nd Cir. 2005); *In re Olopade*, 403 F.3d 159, 160-64 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005), *petition for cert. filed* ___ U.S.L.W. ___ (U.S. Apr. 29, 2005) (No. 04-9994); *United States v. Price*, 400 F.3d 844, 846-49 (10th Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *In re Hinton*, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10, 2005) (not designated for publication). *See also Wesson v. U.S. Penitentiary, Beaumont, Tx*, 305 F.3d 342, 347-48 (5th Cir. 2000), *cert. denied*, 537 U.S. 1241 (2003) (holding *Apprendi* does not apply retroactively to cases on collateral review and an *Apprendi* claim does not satisfy the requirements for filing a habeas petition under the § 2255 savings clause).

## II.  RECOMMENDATION

Because Pearson has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, it is recommended that the government's motion to dismiss be granted and that Pearson's petition be dismissed with prejudice for want of jurisdiction.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 23, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 23, 2005, to

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 2, 2005.

        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE